Argued June 6, affirmed September 17, 1969

STUBBS, *Respondent, v.* PANCAKE CORNER
OF SALEM, INC., *Appellant.*

458 P2d 676

*Allan G. Carson,* Salem, argued the cause for appellant. On the briefs were Carson, Carson & Carson, Salem.

*C. S. Emmons,* Albany, argued the cause for respondent. With him on the brief were William M. Gehlen, Stayton, and Emmons, Kyle & Kropp, Albany.

Before SLOAN, Presiding Justice, and O'CONNELL, GOODWIN, DENECKE and HOLMAN, Justices.

O'CONNELL, J.

This is an action to recover damages for personal injuries sustained by plaintiff while he was a customer in defendant's restaurant. Defendant Pancake Corner of Salem, Inc., appeals from a judgment for plaintiff.

Plaintiff was sitting at the counter in defendant's restaurant with several other customers. One of the customers asked for a bottle of catsup. Defendant Gerry Jeanne King, the waitress on duty, reached underneath the counter and brought out a bottle of catsup and tried to unscrew the cap but was unable to do so. According to plaintiff's testimony, she then "banged it on the counter and said 'Oh, gee.'" He further explained that she tapped the bottom part of the bottle on the counter. The waitress then handed the bottle to plaintiff and asked him to open it. Plaintiff "flipped" the bottle over and hit it on the bottom with his hand. The bottle broke and seriously cut plaintiff's wrist.

Defendants first contend that the trial court erred

in overruling their demurrer to plaintiff's complaint. The demurrer was interposed on the ground that the complaint failed to state facts sufficient to constitute a cause of action.

The complaint alleged:

"That the defendants were then and there negligent in that:

"(1) Defendant requested plaintiff for his assistance in opening the catsup bottle, which bottle was weakened and cracked;

"(2) Defendants did weaken and crack the bottle of catsup immediately prior to handing the same to the plaintiff by striking the same upon the edge of the counter.

"That the foregoing negligence of defendants was the proximate cause of the injury and damage to plaintiff as hereinafter alleged."

Defendants contend that the foregoing allegations did not state a cause of action because there was no averment that "prior to her handing the bottle to the plaintiff the waitress knew or in the exercise of reasonable care could have known that she cracked and weakened it by striking it against the edge of the counter, or otherwise."

■ We think that the allegations in the complaint adequately apprised defendants of the theory of plaintiff's case and was, therefore, not vulnerable to attack by demurrer.

■ Defendant attacks the complaint on another front. The complaint alleged that "Gerry Jeanne King was an employee of the defendant Pancake Corner of Salem, Inc. * * * working as a waitress * * * and was at all times herein mentioned acting within the scope of her employment as such a waitress." Defendant contends that the complaint was defective in

that it failed to state "that *the acts* complained of were within the scope of the servant's employment." This is patently a groundless objection.

Two assignments of error based upon the trial court's failure to give certain instructions are of a similar technical nature and we find them without merit.

Defendant's principal contention is that the trial court should have directed a verdict for defendants on the ground that there was no evidence of negligence on the part of defendants, or assuming that such negligence was proven plaintiff was contributorily negligent as a matter of law.

■ The jury reasonably could have found that under the circumstances defendant Gerry Jeanne King was negligent in handing the bottle to plaintiff. The jury could conclude that a reasonable person could foresee that a bottle might crack if struck against a counter with sufficient force and that it might break if additional force were exerted upon it by another. We cannot say as a matter of law that the risk created by defendant King could not reasonably have been anticipated.

It is argued, however, that since plaintiff saw defendant strike the bottle on the counter plaintiff could foresee as well as defendant King the probability of harm and therefore if a jury concluded that defendant was negligent it must necessarily conclude that plaintiff was also negligent.

We do not think that the positions of the parties must necessarily be so equated by the jury. It has been pointed out that although formal reasoning treats the concepts of negligence and contributory negligence as being parallel, there are differences in the appli-

cation of the two concepts. Some of these differences are noted in Prosser on Torts, § 64, pp. 429-430 (3d ed 1964):

"The similarity of negligence and contributory negligence does not, however, necessarily mean that identical conduct is to be demanded of the plaintiff and the defendant in any given situation. Too many varying factors may affect what the standard of the reasonable man requires, to permit any such rigid rule. The defendant may have more information than the plaintiff as to the risk, or by reason of the enterprise in which he is engaged may be required to obtain it; or the risk of harm to others may be more apparent, or apparently more serious, than the risk to the actor himself; or he may have reasonable confidence in his own awareness of the risk, and his ability to avoid it, where he cannot reasonably have such confidence in the awareness or ability of others. He may have undertaken a responsibility toward others, which will require him to exercise an amount of care for their protection which he would not be required to exercise for his own safety; or the plaintiff may be justified in relying upon the defendant to protect him; or, even without such factors, the jury may find that in the particular situation a reasonable man would have been more careful for others than for himself."

Prosser further observes that:

"* * * [I]n part because of these differentiating factors, and in part, perhaps, because of the healthy dislike and distaste which nearly all courts have developed for this defense, the marked tendency has been to let the issue go to the jury whenever it is at all possible." Prosser, *supra*, at p. 430.

■ The jury could have found that defendant King was in a position to foresee the risk created by strik-

ing the bottle on the counter and that plaintiff was not. Plaintiff could judge the force of the blow on the counter only by sight and sound, whereas defendant King could feel the force of the impact and through her muscle sense judge the stress and strain which was exerted upon the bottle. Even though she may not have felt the bottle crack in her hand, the blow could have been of such force that a reasonable person would have been warned that the bottle was cracked and likely to break when additional pressure was exerted upon it. Plaintiff did not have this means of forecasting the danger. It is just such differences as these that juries employ in appraising the reasonableness of conduct and in deciding whether liability should be imposed upon a defendant.

None of the assignments of error are well taken. Therefore, the judgment of the trial court is affirmed.